**Abatement Order filed July 24, 2014.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-13-00370-CR

———————

**EARNEST DEMONE HEBERT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1364909**

---

## ABATEMENT ORDER

According to information provided to this court appellant is not represented by counsel. On October 8, 2013, time to file appellant's brief expired. Appellant and the trial court were notified on October 15, 2013, that no brief had been received. *See* Tex. R. App. P. 38.8(b)(2). On October 25, 2013, appellant filed motion for extension of time to file his brief. *See* Tex. R. App. P. 38.6(a). In the motion, appellant stated that he was unable to hire an attorney because he is indigent and cannot afford to pay an attorney. He requested that we abate the

appeal for a hearing to determine whether he is indigent and entitled to appointed counsel on appeal. We granted the motion and abated the appeal for the requested hearing. *See* Tex. R. App. P. 38.8(b).

The trial court conducted the requested hearing, and a record of that hearing was filed in this court on November 20, 2013. At the conclusion of the hearing, the trial court found that appellant is not indigent for purposes of this appeal. We reinstated the appeal and notified appellant to file his brief. We granted appellant an extension of time to hire an attorney. To date, no attorney has made an appearance for appellant, and no brief has been filed.

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 248th District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, if any, and the state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute his appeal; (b) whether appellant is indigent; (c) **if not indigent, whether appellant has abandoned the appeal or whether appellant has failed to make necessary arrangements for filing a brief;** (d) the reason for the failure to file a brief; (e) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court within **thirty days** of the date of this order**.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM

<h1 style="text-align:center">RULE 38.  REQUISITES OF BRIEFS</h1>

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect.  An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.  If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.  If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.  In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action.  Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.  If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.